UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Nº 11-CV-0137 (JFB) (ETB)

---

TIMOTHY FAISON,

Plaintiff,

VERSUS

JOHN MACCARONE, ET AL.,

Defendants.

---

**MEMORANDUM AND ORDER**
March 1, 2012

---

JOSEPH F. BIANCO, District Judge:

Plaintiff Timothy Faison (hereinafter "plaintiff" or "Faison") brought this action against defendants John Maccarone, United States Attorney Loretta Lynch ("USA Lynch"), Assistant United States Attorney Lara Gatz ("AUSA Gatz"), Nassau County District Attorney Kathleen Rice ("DA Rice"), Nassau County Assistant District Attorney Joanna Hershey ("ADA Hershey"), Chris Grella and Robert Schlee. Plaintiff alleges that defendant Maccarone violated his Fifth, Sixth and Fourteenth Amendment rights. Plaintiff alleges defendants AUSA Gatz and USA Lynch violated his Fifth and Fourteenth Amendment rights. Plaintiff alleges that defendants ADA Hershey, DA Rice, Grella and Schlee violated his Fourth, Fifth and Fourteenth Amendment rights. The Court construes plaintiff's claims to allege conspiracy, malicious prosecution, grossly negligent supervision, false arrest and double jeopardy against some or all of the defendants.[1]

Defendants AUSA Gatz and USA Lynch moved to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants DA Rice and ADA Hershey moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c). Defendant Maccarone separately moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c).[2] For the reasons discussed herein, the Court grants defendants' motions to dismiss and dismisses plaintiff's

---

[1] Although plaintiff's complaint does not refer to specific cases or statutes with respect to his claims, the court construes plaintiff's claims to arise pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] It does not appear that defendants Grella and Schlee were properly served with the complaint. Neither defendant has appeared in this action.

complaint with respect to the moving defendants.

## I. BACKGROUND

### A. The Complaint

The following facts are taken from the complaint and plaintiff's supplement to the complaint,[3] are not findings of fact by the Court. They are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to the plaintiff, the non-moving party.

On June 19, 2010, plaintiff appeared in Hempstead District Court to face unspecified criminal charges.[4] (Complaint ("Compl.") at 5.[5]) Defendant Maccarone entered the "bullpen" and informed plaintiff that defendant Maccarone had been appointed to represent plaintiff. (*Id.*) Plaintiff alleges that defendant Maccarone demanded a retainer of $7,500, and plaintiff provided defendant Maccarone with the combination to his safe and directions to go to plaintiff's house with plaintiff's wife in order to retrieve the money from the safe. (*Id.*) Plaintiff alleges that defendant Maccarone went to his house, opened the safe, and stated to plaintiff's family, "[t]here's some interesting stuff in this safe." (*Id.*) Plaintiff alleges that defendant Maccarone returned to the "bullpen" and told plaintiff that he had "seen some interesting stuff in [plaintiff's] safe." (*Id.*)

Plaintiff alleges that defendant Maccarone informed plaintiff that, before plaintiff could return home, plaintiff could "debrief" with the Nassau County District Attorney's Office and the arresting officers. (*Id.*) On June 21, 2010, plaintiff attended this meeting. (*Id.*) Plaintiff signed a form in the meeting agreeing to "debrief." (*Id.* at 6.) Before leaving the meeting, defendant Maccarone told plaintiff to "tell them everything about [himself] as well as others." (*Id.*) It is unclear from the complaint whether plaintiff complied with defendant Maccarone's instructions. At some point, an agent with the Drug Enforcement Administration, Scott J. Knox, introduced himself and began interrogating plaintiff and asking plaintiff what was in plaintiff's house. (*Id.*) Plaintiff alleges that, before leaving the meeting, defendant Maccarone informed plaintiff of everyone who would be present at the meeting, but he did not inform plaintiff that Knox would be at the meeting. (*Id.*)

Plaintiff retained new counsel on August 4, 2010. (*Id.*) That day, defendant Maccarone informed the son of plaintiff's new counsel, who is also an attorney, that plaintiff would be arraigned in federal court the next day. (*Id.*) On August 5, 2010, plaintiff was arraigned in federal court based on a complaint sworn by Agent Knox. (*Id.*) Plaintiff alleges that defendant Maccarone conspired with the defendants and others to force plaintiff to incriminate himself, and alleges that defendant Maccarone disclosed to Agent Knox the contents of plaintiff's safe. (*Id.* at 7.)

Plaintiff alleges that one of the charges brought in federal court was the same charge brought in state court. (*Id.* at 8.) Plaintiff alleges that the state charges were dismissed on September 24, 2010, and sealed on October 29, 2010. (*Id.* at 9.) Plaintiff alleges that defendants Grella and Schlee

[3] Plaintiff filed a document titled "Amended Civil Rights Complaint" on January 28, 2011.

[4] Plaintiff's motion to dismiss filed in the criminal action indicates that plaintiff was arrested for drug offenses on June 18, 2010 in Glen Cove, New York. Def.'s Motion to Dismiss at 1, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Dec. 14, 2010), ECF No. 14-2.

[5] Because plaintiff's filings do not have page numbers on all pages, the ECF page numbers are given.

failed to return a vehicle and money seized from plaintiff after the charges were dismissed.[6] (*Id.*)

B. Procedural History

Plaintiff filed his complaint on January 7, 2011. Plaintiff filed a document titled "Amending Civil Rights Complaint" on January 28, 2011. Defendant Maccarone filed an answer on March 18, 2011, defendants DA Rice and ADA Hershey filed an answer on March 24, 2011, and defendants AUSA Gatz and USA Lynch filed an answer on June 16, 2011. Defendants DA Rice and ADA Hershey filed a motion to dismiss on August 4, 2011. Defendants AUSA Gatz and USA Lynch filed a motion to dismiss on August 8, 2011. Defendant Maccarone filed a motion to dismiss on September 7, 2012. On September 16, 2012, defendants DA Rice and ADA Hershey filed a reply in support of the motion to dismiss. On September 26, 2011, plaintiff filed two separate oppositions to the two motions to dismiss filed by DA Rice and ADA Hershey, and AUSA Gatz and USA Lynch.[7]

C. The Federal Prosecution

On September 1, 2010, the government filed an indictment against Faison charging him with one count of possession with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)((1)(A)(iii). Indictment, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Sept. 1, 2010), ECF No. 1. On December 14, 2010, Faison filed a motion *pro se* to dismiss the indictment on the grounds that the prosecution "did not follow due process of law by failing to establish the rule of dual sovereignty," that the double jeopardy clause bars separate prosecutions by state and federal authorities, and that the federal indictment fails to state other offenses that should be consolidated. Def.'s Motion to Dismiss at 2, 5,[8] *United States v. Faison*, 10-CR-674 (E.D.N.Y. Dec. 14, 2010), ECF No. 14-2. At a status conference held on February 11, 2011, Faison requested to proceed *pro se*, and that application was granted. Minute Entry, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Feb. 11, 2011), ECF No. 15.

On March 25, 2011, the court denied Faison's motion to dismiss filed on December 14, 2010, finding that "defendant was not placed in jeopardy in the state court action, and therefore double jeopardy in the federal action cannot occur." Minute Entry, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Mar. 25, 2011), ECF No. 19.

On April 11, 2011, Faison's advisory counsel requested a competency hearing because Faison insisted on going to trial, after which he could be sentenced to life in prison due to his prior criminal history, despite his former cooperation which would substantially lessen his punishment should he plead guilty to the alleged crime.[9] Lato Letter, *United States v. Faison*, 10-CR-674, (E.D.N.Y. Feb. 11, 2011), ECF No. 22. Faison's advisory counsel reported that a clinical psychiatrist expressed that Faison

[6] Plaintiff also alleges that defendants Grella and Schlee caused damage to plaintiff's car while searching it without probable cause. (*Id.* at 11.)

[7] In his oppositions, plaintiff alleges additional facts against defendants. The Court has fully considered the allegations in plaintiff's oppositions.

[8] Because Faison's Motion to Dismiss does not include page numbers, the ECF page numbers are given.

[9] In the letter, Faison's advisory counsel indicated that "[i]mmediately following his arrest, the defendant cooperated with law-enforcement officers. That cooperation led to the arrest of another person, and the defendant was well on his way toward earning a '5K1 letter' and negating the need for the prior-felony information." Lato Letter, *United States v. Faison*, 10-CR-674, (E.D.N.Y. Feb. 11, 2011), ECF No. 22.

may be suffering from diminished or compromised cognitive ability or a thought disorder. *Id.*

On April 13, 2011, the grand jury returned a superseding indictment charging Faison with one count of possession of cocaine base with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); one count of distribution of cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); and two counts of distribution of cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Superseding Indictment, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Apr. 13, 2011), ECF No. 26. The government also gave notice that it would seek forfeiture upon the conviction of any of the offenses. *Id.*

At a status conference held on June 22, 2011, the court accepted the psychological evaluation report submitted to the court on June 20, 2011 and found Faison competent to stand trial. Minute Entry, *United States v. Faison*, 10-CR-674 (E.D.N.Y. June 22, 2011), ECF No. 36.

On August 16, 2011, Faison filed a motion to dismiss the indictment on the grounds that AUSA Gatz committed prosecutorial misconduct by filing a false indictment. Def.'s Motion to Dismiss, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Aug. 16, 2011), ECF No. 51.

On August 17, 2011, the grand jury returned a second superseding indictment charging Faison with one count of possession of cocaine base with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); one count of distribution of cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and two counts of distribution of cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Second Superseding Indictment, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Aug. 17, 2011), ECF No. 54. The government also gave notice that it would seek forfeiture upon the conviction of any of the offenses. *Id.*

On September 8, 2011, the court denied Faison's motion to dismiss that was filed on August 16, 2011. Minute Entry, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Sept. 8, 2011), ECF No. 64.

Trial began on September 14, 2011. On September 21, 2011, the jury returned a verdict of guilty on all counts of the second superseding indictment. Minute Entry, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Sept. 21, 2011), ECF No. 75. Faison is currently awaiting sentencing for this conviction before Judge Hurley.

## II. Standard of Review

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v.*

*Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 129 S.Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556–57).

The Court notes that, in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859(JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

Courts evaluate a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a motion pursuant Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Nicholas v. Goord*, 430 F.3d 652, 657 n.8 (2d Cir. 2005), *abrogated on other grounds*, *Samson v. California*, 547 U.S. 843 (2006).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obligated to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. New York State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 Fed. App'x 60, 61 (2d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

## III. Discussion

### A. DA Rice and ADA Hershey's Motion to Dismiss

Because plaintiff does not allege specific causes of action against defendants DA Rice and ADA Hershey, the Court liberally construes the complaint to assert (1) a claim under Section 1983 for conspiracy against defendants DA Rice and ADA Hershey, and (2) claims under Section 1983 for (a) malicious prosecution as to both defendants DA Rice and Hershey, and (b) grossly negligent supervision as to defendant DA Rice. Defendants DA Rice and ADA Hershey move to dismiss plaintiff's complaint on the grounds that (1) plaintiff has failed to sufficiently plead a violation of his civil rights under 42 U.S.C. § 1983, (2) defendants DA Rice and ADA Hershey are shielded by absolute immunity, and (3) defendants are protected by Eleventh Amendment immunity. As the Court sets forth below, after carefully reviewing the complaint and liberally construing it in Faison's favor, the Court agrees with defendants DA Rice and ADA Hershey that plaintiff's claims fail as a matter of law, and defendants DA Rice and ADA Hershey are entitled to absolute immunity and the protection of the Eleventh Amendment.

#### 1. Failure to State a Claim Pursuant to 42 U.S.C. § 1983

To prevail on a claim under Section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

##### a. Conspiracy Claims

Plaintiff claims that defendants DA Rice and ADA Hershey conspired with defendants USA Lynch and AUSA Gatz to "unlawfully present one of the Nassau County state charges in federal court on August 5, 2010" and with defendants Grella and Schlee to fail "to return seized vehicle and money back to the plaintiff, even after the fact that the charges against plaintiff [were] dismissed and sealed in favor of the accused." (Compl. at 9.)

###### i. Legal Standard

"In order to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal." *Carmody v. City of New York*, No. 05 Civ. 8084(HB), 2006 WL 1283125, at *5 (S.D.N.Y. May 11, 2006) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)). Vague and conclusory allegations that defendants have engaged in a conspiracy to violate plaintiff's constitutional rights must be dismissed. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983." (citing *Ciambriello*)); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Green v. Bartek*, No. 3:05 Civ. 1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held

that a claim of conspiracy to violate civil rights requires more than general allegations.").

ii. Application

In this case, plaintiff makes only conclusory allegations that defendants DA Rice and ADA Hershey conspired to charge defendant unlawfully, presumably in violation of the double jeopardy clause of the Fifth Amendment, and to prevent the return of plaintiff's property. The complaint is void of any factual assertions to support these claims. Plaintiff has made only "general allegations." *Green*, 2007 WL 4322780 at *3. Thus, the conspiracy claims are dismissed for failure to state a claim.[10]

b. Malicious Prosecution Claim

Plaintiff claims that defendants DA Rice and ADA Hershey violated his rights "through a malicious prosecution." (Compl. at 9.)

i. Legal Standard

"Because there are no federal rules of decision for adjudicating § 1983 actions that are based upon claims of malicious prosecution, courts are required by 42 U.S.C. § 1988 to turn to state law for such rules." *Alicea v. City of N.Y.*, No. 04-CV-1243, 2005 WL 3071274, at *6 (S.D.N.Y. Nov. 15, 2005) (citation and internal quotation marks omitted). "'A malicious prosecution claim under New York law requires the plaintiff to prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceedings in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) the actual malice as a motivation for defendant's actions.'" *Blake v. Race*, 487 F. Supp. 2d 187, 211 (E.D.N.Y. 2007) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (internal quotation marks omitted)). In addition to the state law elements of malicious prosecution, "[t]o sustain a § 1983 malicious prosecution claim, there must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Washington v. Cnty. of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004) (quoting *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995). As the Second Circuit has held,

> [u]nder New York law, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact. The New York Court of Appeals has noted that the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause.

*Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) (citations and quotation marks omitted); *see also Korthas v. City of Auburn*, No. 5:04-CV-0537, 2006 WL 1650709, at *5 (N.D.N.Y. June 9, 2006) ("Police officers may not purposely withhold or ignore exculpatory evidence that, if taken into account, would void probable cause . . . [A] failure to make further inquiry when a reasonable person would have done so may evidence a lack of

[10] Plaintiff conceded that he has not alleged a conspiracy claim pursuant to 42 U.S.C. § 1985. (Pl.'s Opp. at 14, Sept. 26, 2011, ECF No. 49.) Thus, although defendants DA Rice and ADA Hershey moved to dismiss on the ground of failure to state a claim pursuant to 42 U.S.C. § 1985, the Court does not consider a claim pursuant to 42 U.S.C. § 1985.

probable cause." (citation and quotation marks omitted)).

ii. Application

Plaintiff appears to argue that the federal prosecution, which included charges related to the arrest in Glen Cove in June 2010, was a malicious prosecution.

As a threshold matter, a malicious prosecution claim against state officials cannot be brought based upon the charging decisions of a federal authority. Defendants DA Rice and ADA Hershey, as County prosecutors, did not institute or conduct the prosecution of plaintiff in federal court. To state a claim for individual liability under § 1983, "a plaintiff must demonstrate a defendant's *personal* involvement in the alleged [constitutional violation] in order to establish a claim against such defendant in his individual capacity." *Valenti v. Massapequa Union Free Sch. Dist.*, No. 09-CV-977 (JFB)(MLO), 2010 WL 475203, at *8 (E.D.N.Y. Feb. 5, 2010) (citation omitted) (emphasis in original). Plaintiff's mere conclusory statement that defendants DA Rice and ADA Hershey violated plaintiff's rights through a "malicious prosecution" is not enough to establish personal involvement by defendants DA Rice and ADA Hershey.

Additionally, the federal charges have not terminated in plaintiff's favor. The Court takes judicial notice that, on September 21, 2011, a jury found plaintiff guilty of all charges, including the charges which plaintiff alleges were previously prosecuted in state court. *See* Minute Entry, *United States v. Faison*, No. 10-CR-674, (E.D.N.Y. Sept. 21, 2011), ECF No. 75; Verdict Sheet, *United States v. Faison*, No. 10-CR-674, (E.D.N.Y. Sept. 21, 2011), ECF No. 76; *see also* Def.'s Motion for New Trial, *United States v. Faison* (E.D.N.Y. Nov. 7, 2011), ECF No. 81 (arguing that several counts of the indictment related to the state charges). Given that plaintiff bases his malicious prosecution claim on the federal charge that allegedly overlapped with the state charge, and plaintiff was found guilty of all federal charges, a claim for malicious prosecution cannot survive the defendants' motion to dismiss.[11]

To the extent plaintiff alleges a malicious prosecution claim based upon the prosecution in state court, the Court finds that the termination of that proceeding was not in plaintiff's favor, as it is evident from plaintiff's complaint and filings in *United States v. Faison*, No. 10-CR-674, that the state charges were dismissed due to the federal prosecution. In *Heck v. Humphrey*, the Supreme Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid

[11] The Court also notes that "[t]he absence of probable cause is an essential element of a claim for malicious prosecution." *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006). "[A] grand jury indictment gives rise to a presumption that probable cause exists. . . ." *Id.* A plaintiff may rebut that presumption by establishing "that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id.* (citing *Colon v. City of New York*, 60 N.Y.2d 78, 83, 468 N.Y.S.2d 453. 455 N.E.2d 1248 (N.Y. 1983)). The federal criminal charges were brought pursuant to an indictment. Though in his opposition papers plaintiff contends the indictment never occurred, plaintiff has not alleged any facts to support a plausible claim that the indictment was produced by fraud, perjury or other acts of bad faith.

> by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (footnote omitted) (emphasis in original). "*Heck* bars claims against state officials who participated in the criminal investigation [handled by federal prosecutors] because such claims would impugn the validity of the federal conviction that they produced." *White v. Probation Office*, No. 1:07-CV-0951, 2008 WL 3837045, at *4 (M.D. Pa. Aug. 13, 2008). Permitting Faison "to recover damages for alleged harm of malicious prosecution would necessarily imply the existence of a constitutional flaw in his conviction on federal charges, which are substantively identical to the state charges that they supplanted." *Id.* Thus, plaintiff cannot assert a malicious prosecution claim based on the state prosecution.

c. Failure to Supervise

Plaintiff alleges that DA Rice violated his constitutional rights due to her "gross negligence in [the management] of her office and her subordinate [Joanna Hershey]." (Compl. at 10.) Plaintiff's claim must be dismissed.

i. Legal Standard

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation and quotation marks omitted). In other words, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Supervisor liability can be shown in one or more of the following ways: "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Id.* at 145 (citation omitted).

ii. Application

As noted *supra*, plaintiff has not alleged a cognizable constitutional violation against defendants DA Rice and ADA Hershey. As a result, plaintiff's claim of supervisory liability must fail. Where a plaintiff "has not established any underlying constitutional violation, [plaintiff] cannot state a claim for § 1983 supervisory liability." *Elek v. Inc. Vill. of Monroe*, --- F. Supp. 2d ----, 2011 WL 4472027, at *5 (S.D.N.Y. Sept. 27, 2011); *see also Alston v. Bendheim*, 672 F. Supp. 2d 378, 388-89 (S.D.N.Y. 2009) ("The failure to state a claim for an underlying violation forecloses supervisory liability."); *Clark v. Sweeney*, 312 F. Supp. 2d 277, 298 (D. Conn. 2004) ("As there was no underlying deprivation of constitutional rights, accordingly, there can be no supervisory liability . . ."). Thus, plaintiff's

claim of grossly negligent supervision against defendant DA Rice is dismissed.[12]

2. Absolute Immunity

Even if plaintiff adequately alleged claims pursuant to 42 U.S.C. § 1983 against defendants DA Rice and ADA Hershey, plaintiff's claim is barred by absolute immunity.

a. Legal Standard

"It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' 'is immune from civil suit for damages under § 1983.'" *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)) (internal citation omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in *Hill*, the Second Circuit held than an Assistant District Attorney's alleged acts of, *inter alia*, "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." *Id.* at 661. Thus, "[i]t is well-settled that prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are entitled to absolute immunity for an action for damages under § 1983." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

b. Application

Here, defendants DA Rice and ADA Hershey have absolute prosecutorial immunity because their alleged actions fall squarely within the scope defined by the Supreme Court. In particular, plaintiff's claims against defendants DA Rice and ADA Hershey arise from his assertions that they conspired to, and did in fact, maliciously prosecute plaintiff in federal court, and that they conspired with others to prevent the return of plaintiff's property.

The allegations regarding defendants' role in the federal prosecution are barred by absolute immunity. A "decision not to conduct a state prosecution and to present the case to the [United States Attorney's Office] is . . . protected by absolute immunity." *Zahrey v. City of New York*, No. 98-4546(DCP)(JCF), 2009 WL 54495, at

[12] Additionally, Faison makes only a conclusory allegation that defendant DA Rice was grossly negligent. Such an allegation is legally insufficient to state a claim falling into any of the above categories. "Vague and conclusory allegations that a supervisor failed to train or properly monitor the actions of subordinate employees will not suffice to establish the requisite personal involvement and support a finding of liability." *White v. Fischer*, No. 9:09-CV-240, 2010 WL 624081, at *6 (N.D.N.Y. Feb. 18, 2010) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009)). Even if plaintiff stated a cognizable allegation of negligent supervision, defendant ADA Hershey is protected by absolute immunity, as stated *infra*, and therefore a claim against defendant DA Rice based on defendant ADA Hershey's prosecutorial actions must be dismissed. *See Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 205 (S.D.N.Y 2004) ("To the extent the supervision or policies concern the prosecutorial decisions for which the ADAs have absolute immunity, then those derivative allegations against supervisors must also be dismissed on the ground that the supervising district attorneys have absolute immunity for the prosecution-related decisions of their subordinates and because Section 1983 supervisory liability depends upon the existence of an underlying constitutional violation." (internal quotation marks omitted)).

*31 (S.D.N.Y. Jan. 7, 2009), *amended on reconsid. on other grounds*, 2009 WL 1024261 (S.D.N.Y. Apr. 15, 2009); *see also Parker v. Stiles*, No. 00-5334, 2001 WL 755094, at *1 (E.D. Pa. June 29, 2001) (state prosecutors who dismissed state charges against plaintiff that were later brought by federal prosecutors protected by absolute immunity); *Mitchell v. Harvey*, No. Civ. 05-4186(RBK), 2006 WL 231569, at *2 (D.N.J. Jan. 25, 2006) ("[T]he decision *not* to prosecute a case is also protected by absolute immunity"); *Ying Jing Gan*, 996 F.2d at 530 ("A prosecutor thus has absolute immunity in connection with the decision whether or not to commence a prosecution.").

The allegations regarding defendants' role in the alleged prevention of the return of plaintiff's property are also barred by absolute immunity. Plaintiff's complaint alleges that defendants conspired to retain the "seized vehicle and money . . . even after the fact that the charges against plaintiff [were] dismissed and sealed in favor of the accused." (Compl. at 9.) The Court again notes that the charges were prosecuted in federal court, and plaintiff was found guilty of those charges in September 2011. The Second Circuit has held that "the retention of evidence, as a predicate to the presentation of evidence, is critical to the prosecutor's functions as an advocate, and is thus covered by prosecutorial immunity." *Parkinson v. Cozzolino*, 238 F.3d 145, 152 (2d Cir. 2001) (prosecutors may retain evidence while a direct appeal is pending). Plaintiff has not alleged that the seized property was not used in his federal criminal trial. As such, the claim against defendants DA Rice and ADA Hershey regarding the return of seized evidence are barred by absolute immunity.

3. Eleventh Amendment Immunity

Additionally, to the extent that plaintiff seeks to sue defendants DA Rice and ADA Hershey in their official capacities under § 1983, the Eleventh Amendment bars any such claim. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns. . . ." *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (quoting *Mohegan Tribe & Nation v. Orange Cnty.*, 395 F.3d 18, 20 (2d Cir. 2004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also extends to suits against state officers in their official capacities. *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); *McNamara v. Kaye*, No. 06-CV-5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers acting [in] their official capacity and lawsuits against

state courts are considered to be lawsuits against the state.").[13]

Here, defendants DA Rice and ADA Hershey – who are, respectively, the Nassau County District Attorney and a Nassau County Assistant District Attorney – are state officers by virtue of their role as state prosecutors. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (affirming dismissal of claims against current and former Kings County District Attorneys and Assistant District Attorneys on Eleventh Amendment grounds); *McCray v. City of New York*, Nos. 03 Civ. 9685(DAB), 03 Civ. 9974(DAB), 03 Civ. 10080(DAB), 2007 WL 4352748, at *12 (S.D.N.Y. Dec. 11, 2007) ("'When prosecuting a criminal matter, a district attorney in New York represents the state, not the county.'" (quoting *Alvarez v. Doe*, No. 03 Civ. 7740, 2004 WL 1874972, at *4 (S.D.N.Y. Aug. 13, 2002))). Thus, because these defendants are state officers and because New York state has not waived its sovereign immunity for suits under § 1983,[14] these defendants are immune from suits in their official capacity.

B. Defendants USA Lynch and AUSA Gatz's Motion to Dismiss

Because plaintiff does not allege specific causes of action against defendants USA Lynch and AUSA Gatz, the Court liberally construes the complaint to assert claims of conspiracy, false arrest, malicious prosecution and double jeopardy as to both defendants USA Lynch and AUSA Gatz and grossly negligent supervision as to defendant USA Lynch. Defendants USA Lynch and AUSA Gatz move to dismiss plaintiff's complaint on the grounds that (1) plaintiff has failed to sufficiently plead a violation of a constitutional right, (2) defendants USA Lynch and AUSA Gatz are entitled to absolute immunity, and (3) plaintiff's conspiracy allegations fail as a matter of law.

1. Absolute Immunity

As a threshold matter, a Section 1983 claim does not exist against federal agents because they are not state actors for purposes of Section 1983. However, even if plaintiff's claims are liberally construed as claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the doctrine of absolute immunity applies with equal force whether plaintiff's claims are asserted under Section 1983 or *Bivens*. *See Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000) ("This immunity law applies to *Bivens* actions as well as actions under section 1983.") As a result, defendants USA Lynch and AUSA Gatz, like defendants DA Rice and ADA Hershey are entitled to absolute immunity for their alleged involvement in initiating charges against plaintiff.

The Court applies the standard set forth *supra* Section III.A.2.a and finds that defendants USA Lynch and AUSA Gatz are entitled to absolute immunity in connection with all the claims asserted against them because all the allegations relate to their alleged involvement in the initiation of the prosecution against Faison in federal court and Faison's subsequent prosecution. USA Lynch and AUSA Gatz's actions were "intimately associated with the judicial phase of the criminal process" entitling them to absolute immunity. *Ying Jing Gan*, 996

[13] A narrow exception to this rule exists for official-capacity suits against state officers seeking prospective injunctive relief. *See Will*, 491 U.S. at 71 n.10. Even liberally construing the *pro se* complaint, there is no basis for this exception here.

[14] *See, e.g.*, *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court. . . . ").

F.2d at 530 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "[I]n initiating a prosecution and in presenting [the government's] case, the prosecutor is immune from a civil suit for damages under section 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). To the extent plaintiff alleges the prosecution was brought in violation of the double jeopardy clause of the Fifth Amendment, "[A]bsolute immunity still applies where a prosecutor brought a case in violation of a defendant's constitutional rights but was otherwise acting within his role as an advocate." *Anilao v. Spota*, 774 F. Supp. 2d 457, 488 (E.D.N.Y. 2011) (collecting cases involving prosecutions allegedly in violation of the double jeopardy clause). Thus, defendants USA Lynch and AUSA Gatz are entitled to absolute immunity with respect to all of plaintiff's claims.[15]

2. Double Jeopardy Claim

Plaintiff claims that defendants USA Lynch and AUSA Gatz's prosecution of plaintiff in federal court violated the double jeopardy clause of the Fifth Amendment. (Compl. at 8.) Even if defendants USA Lynch and AUSA Gatz were not entitled to absolute immunity, plaintiff's claim must fail, as plaintiff has failed to allege the violation of a federal right as required by *Bivens*.

The Double Jeopardy Clause provides that "no person shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "'[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)). "Double jeopardy does not bar federal prosecution on the same facts as state charges which were dismissed." *Parker v. Stiles*, No. 00-5334, 2001 WL 755099, at *2 (E.D. Pa. June 29, 2001) (rejecting plaintiff's argument in a 42 U.S.C. § 1983 action that the filing of federal charges before the state charges were dismissed *nolle prosequi* violated his protection against double jeopardy) (collecting cases); *see also Henry v. Purvis*, 111 F. App'x 622, 623 (2d Cir. 2004) ("there is no general constitutional bar to duplicative prosecutions in state and federal court.").[16]

By plaintiff's own admission in the complaint, the state charges did not result in an acquittal, but rather they were dismissed. As double jeopardy does not bar federal

[15] To the extent plaintiff argues, in his opposition, that the federal indictment never took place on September 1, 2010, and defendant AUSA Gatz falsified documents to mislead the Court into believing that it had taken place, the Court finds that such an act is protected by absolute immunity. *See Ortiz v. Morgenthau*, 772 F. Supp. 1430, 1433 (S.D.N.Y. 1991) (assistant district attorney's filing of allegedly false papers relying on perjury protected by absolute immunity). The filing of Court documents is intimately associated with the judicial process thus warranting absolute immunity. Should plaintiff argue that AUSA Gatz presented false evidence to the grand jury, AUSA Gatz also is entitled to absolute immunity. *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (well established case law recognizes that the conduct of presenting false evidence or withholding exculpatory evidence to grand juries lies "at the very core of a prosecutor's role as an advocate engaged in the judicial phase of the criminal process.").

[16] The Court applies Section 1983 case authority with respect to a *Bivens* action alleging prosecution in violation of the Fifth Amendment's double jeopardy clause. *See Nwanze v. Philip Morris, Inc.*, 100 F. Supp. 2d 215, 220 (S.D.N.Y. 2000) ("Courts generally treat *Bivens* actions and § 1983 actions as analogous for most purposes, and frequently treat rules of decision in one context as binding in the other.").

prosecution on the same facts as the dismissed state charges, plaintiff's claim does not adequately allege a double jeopardy violation and must be dismissed.[17]

3. Failure to Supervise

Plaintiff alleges that defendant USA Lynch violated his constitutional rights due to her "gross negligence in the managing of her office and her subordinate Assistant U.S. Attorney Lara Gatz." (Compl. Supp. at 1.) The Court applies the standard set forth *supra* Section III.A.1.c.i and concludes that plaintiff's claim must fail.[18] Where a plaintiff "has not established any underlying constitutional violation, [plaintiff] cannot state a claim for § 1983 supervisor liability." *Elek v. Inc. Vill. of Monroe*, --- F. Supp. 2d ----, 2011 WL 4472027, at *5 (S.D.N.Y. Sept. 27, 2011). Because plaintiff has not established an underlying constitutional violation, there can be no supervisory liability with respect to defendant USA Lynch. In addition, because defendant AUSA Gatz is protected by absolute immunity, any claim against defendant USA Lynch for the supervision of AUSA Gatz's prosecutorial decisions must be dismissed. *See Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 205 (S.D.N.Y. 2004).

C. Defendant Maccarone's Motion to Dismiss

Plaintiff alleges that defendant Maccarone conspired with the co-defendants and others to violate his constitutional rights. As discussed below, the Section 1983 claim against defendant Maccarone fails as a matter of law because, among other things, (1) defendant Maccarone is not a state actor; and (2) plaintiff's conclusory allegations of conspiracy between defendant Maccarone and his alleged co-conspirators cannot withstand a motion to dismiss.

1. State Action Requirement

An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299 (1941)). Thus, a deprivation of a federal statutory or Constitutional right is actionable under Section 1983 when such deprivation is caused "by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Under this standard, "generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988).

In the instant action, it is clear from the allegations of the complaint and plaintiff's opposition to the motion to dismiss that Maccarone does not qualify as a state actor within the meaning of Section 1983. More specifically, it is axiomatic that neither public defenders, nor court-appointed counsel, can act under the color of state law. *Polk Cnty.*, 454 U.S. at 325 (a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000)

[17] The Court notes that, in plaintiff's federal criminal proceeding, Judge Hurley has already determined that Faison "was not placed in jeopardy in the state court action, and therefore double jeopardy in the federal action cannot occur." Minute Entry, *United States v. Faison*, 10-CR-674 (E.D.N.Y. Mar. 25, 2011), ECF No. 19.

[18] The standard for supervisory liability in a *Bivens* action is the same as the standard for supervisory liability pursuant to 42 U.S.C. § 1983. *See Thomas v. Ashcroft*, 470 F.3d 491, 196-97 (2d Cir. 2006).

"[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983.") (citations omitted); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (affirming dismissal of Section 1983 claim against court-appointed appellate attorney for alleged involvement in denial of speedy appeal and noting that "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983") (collecting cases); *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) ("[P]ublic defenders or court-appointed defense attorneys do not 'act under color of law.'"); *Sanchez v. Gazzillo*, No. 00-CV-6405(JS)(MLO), 2001 WL 715830, at *5 (E.D.N.Y. June 5, 2001) (dismissing Section 1983 claim against plaintiff's Legal Aid attorneys). Nor are retained defense attorneys state actors. *See McCloud v. Jackson*, 4 F. App'x 7, 9-10 (2d Cir. 2001) ("To the extent that [the defense attorney] may have served as privately-retained counsel, rather than as a court-appointed attorney, he still could not be held liable under § 1983 because there was no showing that he worked with state officials to deprive [plaintiff] of federal rights."); *Mitchell v. Harvey*, No. Civ. 05-4186(RBK), 2006 WL 231569 (D.N.J. Jan. 25, 2006) ("Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients."); *Carr v. Baynham*, No. 6:08cv12, 2008 WL 1696881 (E.D. Tex. Apr. 9, 2008) ("The Sixth Amendment does not afford a private right of action against defense counsel, whether retained or court-appointed."). Thus, plaintiff's claims with respect to any of Maccarone's independent actions must be dismissed.[19]

Although defendant Maccarone is clearly not a state actor, the Court recognizes that a private actor can be considered as acting under the color of state law for purposes of Section 1983 if the private actor was "'a willful participant in joint activity with the State or its agents.'" *See Ciambriello*, 292 F.3d at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). This potential liability also applies to a court-appointed attorney where the attorney "conspires with a state official to violate the plaintiff's constitutional rights. . . ." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005). Thus, the Court will next examine plaintiff's conspiracy claim to determine whether the allegations are sufficient to survive a motion to dismiss.

2. Conspiracy Pursuant to § 1983

The plaintiff's allegations of conspiracy as to defendant Maccarone state that (1) Maccarone conspired with the arresting officers, the District Attorney of Nassau County and the United States Attorney "by having [plaintiff] incriminate [himself] in front of an under-cover agent . . . along with disclosing to the said agent what he allegedly [had] seen in [plaintiff's] safe" (Compl. at 7), and (2) Maccarone conspired with "federal agent Knox, the U.S. Attorney Loretta Lynch as well as her subordinates to impose more harm on the plaintiff by presenting one of the Nassau County court

[19] To the extent plaintiff alleges that Maccarone is a federal actor liable under *Bivens*, it is clear that a defense attorney's advocacy in federal court does not cause him to assume the role of a federal actor. *McCurvin v. Law Offices of Koffskey & Walkley*, No. Civ.A.3:98CV(SRU), 2003 WL 223428, at *3 (D. Conn. Jan. 27, 2003) ("the defendants did not assume a federal status by being appointed defense counsel.").

state charges in federal court unlawfully."[20] (*Id.*)

As a threshold matter, the Court recognizes that Section 1983 claims alleging conspiracy among defense counsel and state officials can be brought. *See, e.g.*, *Tower v. Glover*, 467 U.S. 914, 922 (U.S. 1984). However, the mere use of the term "conspiracy" does not instantly transform a private actor into a state actor for purposes of Section 1983 and is clearly insufficient to satisfy Rule 12(b)(6) in connection with a Section 1983 claim. *See Ciambriello*, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). The Court applies the standard set forth *supra* Section III.A.1.a.i, for a legally sufficient allegation of conspiracy pursuant to 42 U.S.C. § 1983.

The need to guard against the use of conclusory allegations of conspiracy in the context of Section 1983 lawsuits against private actors is particularly compelling. If a plaintiff could overcome a motion to dismiss simply by alleging in a conclusory fashion a "conspiracy" between private actors and state actors, these private actors would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits, without any indication whatsoever that the plaintiff has a "plausible" conspiracy claim. As the Second Circuit has emphasized, these conspiracy claims are "so easily made and can precipitate such protracted proceedings with such disruption of governmental functions" that "detailed fact pleading is required to withstand a motion to dismiss" them. *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981).

Plaintiff's complaint does not contain any specific allegations supporting a "plausible" conspiracy claim involving defendant Maccarone and any state actors. *Pro se* plaintiff's complaint is nothing more than a compendium of conclusory, vague, and general allegations of a conspiracy to deprive him of constitutional rights. "Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ostrer v. Aronwald*, 567 F.2d 551, 533 (2d Cir. 1997). Of course, the Court recognizes that "[a plaintiff is not required to list the place and date of defendant[']s meetings and the summary of their conversations when he pleads conspiracy, . . . but the pleadings must present facts tending to show agreement and concerted action." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (report and recommendation), *accepted by, in part, rejected by, in part, Fisk v. Letterman*, 401 F. Supp. 2d 362 (S.D.N.Y. 2005) (citations and quotations omitted). As the Supreme Court articulated in *Bell Atlantic Corp. v. Twombly*, although a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

Plaintiff suggests that defendant Maccarone divulged the contents of his safe

[20] The Court interprets plaintiff's claim of conspiracy between defendant Maccarone and federal actors as a *Bivens* claim. *See Adio-Mowo v. Heinemann*, No. 94 CV 5615(RR), 1995 WL 313146, at *3 (E.D.N.Y. May 15, 1995) (report and recommendation) ("A court-appointed attorney may nonetheless be held liable under *Bivens* where he or she conspires with federal officials to violate an individual's constitutional rights."). The Court analyzes the *Bivens* conspiracy claim under Section 1983 jurisprudence. *Nwanze*, 100 F. Supp. 2d at 220 ("Courts generally treat *Bivens* actions and § 1983 actions as analogous for most purposes, and frequently treat rules of decision in one context as binding in the other.").

to Agent Knox and that he did so as part of a conspiracy to violate plaintiff's right against self-incrimination. Plaintiff's allegation is speculative, conclusory and unsupported.[21] As plaintiff has not made detailed factual allegations "enough to raise a right to relief above the speculative level," plaintiff's conspiracy claim with respect to the self-incrimination violation must be dismissed. *Id.* Additionally, plaintiff's allegation that defendant Maccarone conspired with Agent Knox and defendant USA Lynch to charge him in federal court in violation of the Fifth Amendment's double jeopardy is a strictly conclusory, vague and general allegation. As such, the conspiracy to convict plaintiff in violation of the Fifth Amendment's double jeopardy clause must also be dismissed. *See, e.g.*, *Jackson v. Cnty. of Rockland*, No. 10-3968-pr, 2011 WL 5868404, at *2 (2d Cir. Nov. 23, 2011) (affirming dismissal of Section 1983 claims, alleging conspiracy between federal and local prosecutor and her appointed counsel in connection with a federal prosecution because, *inter alia*, the plaintiff's assertions "lack[ed] any factual foundation" and were "merely conclusory allegations").

## IV. LEAVE TO RE-PLEAD

Although plaintiff has not requested leave to amend or re-plead his complaint, the Court has considered whether plaintiff should be given an opportunity to re-plead. The Second Circuit has emphasized that

> A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, this Court finds that any attempt to amend the pleading with respect to defendants DA Rice, ADA Hershey, USA Lynch and AUSA Gatz would be futile, as they are shielded by absolute immunity. In addition, given that defendant Maccarone is not a state actor, leave to re-plead with respect to claims alleging Maccarone independently violated plaintiff's civil rights would be futile. With respect to the conspiracy claims, in plaintiff's oppositions, plaintiff essentially sets forth additional allegations and asks the court to consider them as part of the complaint.[22] In essence, this is an attempt to amend his amended complaint. The Court has fully considered those allegations as if part of plaintiff's initial complaint and has concluded that the allegations fail to state a plausible conspiracy claim. Thus, any leave to re-plead would clearly be futile.

---

[21] The Court notes that in the criminal prosecution, Faison's advisory counsel indicated that "[i]mmediately following his arrest, the defendant cooperated with law-enforcement officers. That cooperation led to the arrest of another person, and the defendant was well on his way toward earning a '5K1 letter' and negating the need for the prior-felony information." Lato Letter, *United States v. Faison*, 10-CR-674, (E.D.N.Y. Feb. 11, 2011), ECF No. 22. To the extent Faison alleges that defendant Maccarone's role in facilitating Faison's cooperation with the government is evidence of a conspiracy under Section 1983, such a claim is without merit.

[22] With respect to defendant Maccarone, there are no additional allegations. In fact, plaintiff submitted no opposition or response to Maccarone's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the pending motions to dismiss are granted.

SO ORDERED.

______________________

JOSEPH F. BIANCO
United States District Judge

Dated: March 1, 2012
Central Islip, NY

* * *

Plaintiff is proceeding *pro se*: Queens Detention Facility, 182-22 150th Avenue, Jamaica, NY 11413. Defendant John Maccarone is proceeding *pro se*. Defendants Lara Gatz and Loretta Lynch are represented by Loretta Lynch, United States Attorney, by Vincent Lipari, Assistant United States Attorney, 610 Federal Plaza, Fifth Floor, Central Islip, NY 11722. Defendants Joanna Hershey and Kathleen Rice are represented by John Ciampoli, Nassau County Attorney, by Pablo A. Fernandez, Deputy County Attorney, One West Street, Mineola NY 11501. represented by Michael Todd Parker, Moskowitz & Book LLP, 345 Seventh Avenue, 21st Floor, New York, NY 10001.