UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TIMOTHY FAISON

                              Plaintiff,

-against-
                                              **MEMORANDUM AND ORDER**
                                                      11-CV-137 (JFB)(AYS)

JOHN MACCARONE, et. al.,

                              Defendant.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Plaintiff Timothy Faison ("Faison") commenced this action against several Defendants, many of whom have since been dismissed. The currently operative complaint asserts claims against Defendants Joanna Hershey, Katheleen Rice, Madeline Singas and Rebecca Winer (the "County Defendants") and officers Chris Grella ("Grella") and Robert Schlee ("Schlee"). Plaintiff alleges violations of his constitutional rights under the Fourth and Fourteenth Amendments following his arrest on state controlled substance charges. Plaintiff alleges, generally, an unconstitutional search and seizure of his car and the contents thereof. The state charges against Faison were eventually dismissed and subsumed in a later prosecution of Federal charges. After a 2011 Federal trial, Faison was found guilty and is currently serving a sentence on those charges.

      Presently before this Court is the request of Defendants Grella and Schlee seeking the records pertaining to Faison's state court arrest. These Defendants indicate that the

records are sealed pursuant to New York Criminal Procedure Law 160.50, and will not be released without a Court order. While Faison has failed to sign a stipulation releasing the records, he has not opposed the request for a Court order. For the reasons set forth herein, this Court grants Grella and Schlee's request to have the state court arrest documents unsealed and released.

## DISCUSSION

Under C.P.L. § 160.50, records relating to an "action [that] has been terminated in favor of the accused ... shall be sealed." C.P.L. § 160.50(1). These records include "all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, policy agency, or prosecutor's office." The statute provides further that such documents shall "not [be] made available to any person or public or private agency." C.P.L. § 160.50(1)(c). However, the statute designates exceptional circumstances under which records may be unsealed. See C.P.L. § 160.50(1)(d). Specifically, the statute provides, in pertinent part that records otherwise sealed "shall be made available to ... a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it . . . ." C.P.L. § I 60.50(1)(d) (ii).

The statute is designed to "balance[ ] the rights of a former defendant to restrict and obtain access to official records and papers in favorably terminated criminal proceedings" by "requiring sealing in a wide variety of contexts and providing for the disclosure of sealed files in only limited circumstances." Harper v. Angiolillo, 89 N.Y.2d

2

761, 767, 658 N.Y.S.2d 229, 232, 680 N.E.2d 602, 605 (1997). These confidentiality measures enable a former defendant to "avoid the stigma" associated with an arrest and prosecution. Taylor v. N.Y.C. Transit Auth., 131 A.D.2d 460, 461, 516 N.Y.S.2d 237, 239 (2d Dep't 1987). However, the confidentiality privilege "is intended to protect the accused," and "may not be used by him as a sword to gain an advantage in a civil action." Taylor v. N.Y.C. Transit Auth., 131 A.D.2d at 461, 516 N.Y.S.2d at 239.

Courts have held that if a former defendant "'puts into issue in a civil action elements common both to the civil action and to a [former] criminal prosecution, that party waives the privilege conferred'" by the statute. Id. (quoting Lundell v. Ford Motor Co., 120 A.D.2d 575, 576, 502 N.Y.S.2d 63, 64 (2d Dep't 1986) (citing Gebbie v. Gertz Div. of Allied Stores, 94 A.D.2d 165, 168, 463 N.Y.S.2d 482, 485–86 (2d Dep't 1983))). In these circumstances, the defendant is entitled to discover plaintiff's sealed records if the court finds that the "material concerning the arrest and prosecution" is "clearly relevant to the issues raised" by the plaintiff's civil cause of action. Taylor v. N.Y.C. Transit Auth., 131 A.D.2d at 461, 516 N.Y.S.2d at 239. Thus, courts have an "inherent power to make sealed records available" under special circumstances. Hynes v. Karassik, 47 N.Y.2d 659, 664, 419 N.Y.S.2d 942, 945, 393 N.E.2d 1015 (1979). See also Cicero v. City of New York, No. 11 CV 0360 NGG, 2011 WL 3099898, at *2 (E.D.N.Y. July 25, 2011). Sealed records are made available under the premise that "a party who voluntarily initiates a civil action ... dredges up the issues" protected under C.P.L. § 160.50. Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000).

Faison has voluntarily initiated this action arising from his state court arrest. He alleges the violation of his Constitutional rights in connection with the search conducted

by law enforcement upon such arrest. He has thus put the propriety of the search made in connection with that arrest at issue. Under such circumstance both fairness and the law set forth above dictate that the records be made available to Defendants herein. Accordingly, the Court grants the letter request of Defendants Grella and Schlee for the unsealing of records as set forth in Docket Entry Number 106 herein.

## CONCLUSION

For the foregoing reasons, the letter request set forth in Docket Entry 106 is granted. This Court therefore orders the unsealing and production of Plaintiff Timothy Faison's 2010 State Court arrest and related search and seizure files from the Glen Cove Police Department, Nassau County Police Department, Nassau County District Attorney's Office, Nassau County Attorney, and the District Court of Nassau County.[1]

Dated: Central Islip, New York
April 6, 2016

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge

---

[1] While Defendants' letter request states that the privilege discussed herein has deprived them only of access to state records, their letter request concludes by also seeking an order with respect to the records of the United States Attorney's office. Any such records do not appear to have been withheld, or, indeed to be within the scope of the privilege, as his Federal proceeding was not terminated in his favor. This order therefore does not include any order addressed to the Federal prosecutor's office.